UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SHABBAR RAFIQ** | : | **DOCKET NO. 2:19-cv-0615** |
| D.O.C. # 54757-177 | | **SECTION P** |
| **VERSUS** | : | **JUDGE HICKS** |
| **R. MYERS** | : | **MAGISTRATE JUDGE KAY** |

REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Shabbar Rafiq, who is proceeding *pro se* in this matter. Rafiq is an inmate in the custody of the Federal Bureau of Prisons and is currently incarcerated at the FPC-Oakdale in Oakdale, Louisiana.

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

I.
BACKGROUND

Rafiq claims that he has been wrongfully held in the Special Housing Unit ("SHU") since January 14, 2019. [doc. 1, p. 6] He contends that he has not been charged with any conduct justifying placement in the SHU and that his prolonged placement is arbitrary and capricious. *Id*. He also claims that the facility has failed to provide adequate medical care. He seeks a transfer to

general population while awaiting a transfer to another facility where he can receive "adequate medical care." *Id*. at p. 7.

## II.
## LAW & APPLICATION

### A.  *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. See Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id*. at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id*. at Rule 4, advisory committee note (*quoting Aubut v. Maine,* 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B.  *Bivens/2241*

At the onset, this court is called upon to determine whether to treat the above claims as a petition for habeas corpus, as Rafiq advances, or as a civil rights complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 91 S. Ct. 1999 (1971).

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Accordingly, in order to state a claim under this statute, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is,

-3-

that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988). A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983. *E.g., Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993); *see also Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980) ("The effect of *Bivens* was, in essence, to create a remedy for federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials.")

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In general, a civil rights suit is the appropriate procedure by which to contest unconstitutional conditions of confinement and prison procedures, while a habeas petition is properly used to attack the manner a sentence is being executed and seek release from custody. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). When a claim is "unrelated to the cause of detention," habeas is not the appropriate remedy. *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976).

The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize such pro se pleadings, namely, if "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release," the proper vehicle is a civil rights suit. *Carson*, 112 F.3d at 820 (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). Even when a petitioner seeks injunctive relief, such as compassionate release or transfer to another facility, habeas remains an inappropriate vehicle. *E.g., Figueroa v. Chapman*, 347 Fed. App'x 48, 50 (5th Cir. 2009); *Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990).

*C. Application*

Based upon a review of the pleadings herein, it is clear that Rafiq has asserted civil rights claims.  His civil rights claims relate to the conditions of his confinement and do not implicate the overall length of his confinement with the BOP.

With respect to Rafiq's claims that he has been wrongfully confined in the SHU, the Fifth Circuit has already found that time in SHU alone does not have an impact on the fact or duration of confinement such as to implicate § 2241. *See Dixon v. Hastings*, 202 Fed. App'x 750, 752 (5th Cir. 2006) (unpublished). Furthermore, this court does not have jurisdiction to order Rafiq's release from SHU.  He should address such claims for relief with the appropriate parties in his current place of incarceration.

Rafiq also requests to be transferred to a facility where he will receive adequate medical care.[1] Under 18 U.S.C. § 3621(b), the Bureau of Prisons may confine a prisoner in any facility and transfer him at any time. *Olim v. Wakinekona,* 103 S. Ct. 1741 (1983)). Federal prisoners generally have no constitutional right to placement in a particular penal institution. *Id*. The federal courts do not "supervise the day-to-day administration of prisons." *Meachum v. Fano*, 96 S. Ct. 2532 (1976). It is clear that a prisoner has no right of any kind springing from the Constitution itself to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. *Olim v. Wakinekona*, 103 S. Ct. 1741 (1983); *Meachum v. Fano*, 96 S. Ct. 2532 (1976); *Montanye v. Haymes,* 96 S. Ct. 2543 (1976); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996); *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir. 1989).  Accordingly petitioner has no right to a transfer to another facility.

**III.**

---

[1] Rafiq has a *Bivens* suit currently pending in this Court concerning allegations of failure to provide medical care on the part of the staff at FPC-Oakdale. *Rafiq v. USA*, 2:18-cv-495 (W.D. La.).   As such, any claims related to FPC-Oakdale staff's alleged failure to provide medical care will be addressed therein.

## Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 25th day of June, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE